# EXHIBIT A

|  |  |
|---|---|
| Alvin B. Galuten, MD, PSC, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) Civil Action No. 10-cv-155-SM |
| v. | ) |
|  | ) |
| Medicus Radiology Staffing, LLC, | ) |
|  | ) |
| Defendant | ) |
|  | ) |

## FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT TO BE ANSWERED UNDER OATH BY PLAINTIFF, ALVIN B. GALUTEN, MD, PSC

These interrogatories are propounded in accordance with Fed.R.Civ.P. 33. You must answer each question separately and fully in writing and under oath. You must return the original and one copy of your answers within thirty (30) days of the date you received them to the party or counsel who served them upon you. If you object to any question, you must note your objection and state the reasons therefore. If you fail to return your answers within thirty (30) days, the party who served them upon you may inform the court, and the court shall make such orders as justice requires, including the entry of a conditional default against you

### Definitions

Unless specifically indicated, or otherwise required by the context in which the terms, names, and instructions are used:

1.  **"Identify"** when used in reference to a document, means state: the date and title of the document; the author or person or persons who prepared it, the type of document (i.e., letter, memorandum, telegram, chart, form, etc.); its present location and custodian; a summary of its principal purpose or provisions; the subject matter thereof; if a contract or agreement, the parties thereto; the dates of all modifications and amendments; and the date, if any, upon which it

was terminated; if a form, the form names and number and the period during which it was in use. In lieu of stating the foregoing, a document may be identified by the production of a true and complete copy thereof. Identify all documents, whenever prepared, that relate or refer to the document that you are requested to identify. If the document was, but is no longer, in your possession, custody or control, state what disposition was made of it.

2.  **"Identify"** when used in reference to an <u>individual</u>, means state: his/her full name and present address; his/her present or last known position and business affiliation; and his position and business affiliation during the time in question.

3.  **"Identify"** when used in reference to <u>corporation</u>, <u>partnership</u> or <u>business concern</u>, means state: its full name and present business address; its form (e.g. corporation, limited partnership); the state in which it was organized; and, a description of your interest in the same.

4.  **"Identify"** when used in reference to an <u>act</u>, <u>transaction</u>, or <u>instance</u>, means state: the date and time it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf such person participated or purported to participate; the nature and substance of all communications during, or in connection with it.

5.  **"Identify"** when used in reference to a <u>communication</u>, means state: the date, time, and place at which it was transmitted and received; the parties who transmitted and received the communication and the individuals acting on their behalf; the media of the communications (i.e., face-to-face conversations, telephonic conversation, video image, radio, etc.); and a true and complete description of the substance of the conversation.

6.  **"Document"** or **"documents"** mean all written, printed, typed, or other graphic matter; all print-outs and run-offs now, or at any time, in your possession, custody or control, or

known to you, whether or not prepared by you. "Document" or "documents" includes, but is not limited to, all correspondence, agreements, memoranda, reports, notes, drafts of documents, internal communications, interoffice communications, telegrams, letters, directives, bulletins, accounts, vouchers, invoices, bills, ledgers, financial statements, analyses, estimates, maps, charts, graphs, drawings, work sheets, minutes, and summaries of meetings, conversations, or communications of any type, including telephone conversations. "Document" or "documents" also include all copies which are not identical to the original.

7.     "**Galuten**" shall mean the Plaintiff, Alvin B. Galuten, MD, PSC, the professional services corporation described in paragraph 1 of the Complaint and all of its officers, directors, members, shareholders, agents, employees, contractors and all those acting on its behalf or at its direction.

8.     "**Medicus**" shall mean Medicus Radiology Staffing, LLC and Medicus Radiology Services, LLC and all of their officers, directors, members, shareholders, agents, employees, contractors and all those acting on its behalf or at the direction of Medicus Radiology Staffing, LLC or Medicus Radiology Services, LLC.

9.     "**Hardin**" shall mean Hardin Memorial Hospital in Elizabethtown, KY, described in paragraph 7 of the Complaint and all of its officers, directors, members, shareholders, agents, employees, contractors and all those acting on its behalf or at its direction.

10.     "**Placement**" shall mean the assignment described more fully in the Complaint and in Schedule A to the April 4, 2007 Corporate Independent Physician Agreement between Galuten and Medicus pursuant to which Galuten provided services at Hardin.

11.     "**Agreement**" shall mean the April 4, 2007 Corporate Independent Physician Agreement between Galuten and Medicus that is attached as an exhibit to the Complaint.

12. **"Complaint"** shall mean the Complaint filed by Galuten in the United States District Court for the District of New Hampshire in the matter of <u>Alvin B. Galuten, MD, PSC v. Medicus Radiology Staffing, LLC,</u> Civil Action No. 10-cv-155-SM.

## INSTRUCTIONS

In answering the following interrogatories, you are requested to furnish all information available to you, including all information in the possession of your attorneys, agents, investigators, representatives, employees, or anyone acting in cooperation or in concert with you or on your behalf, including experts consulted or retained by you.

If you cannot answer any of the following interrogatories with exactness, answer same to the best of your ability.

If you cannot completely answer any of the following interrogatories in the space provided, attach additional sheets as necessary.

If you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, indicate which of the interrogatories you cannot answer in full, and answer each of those interrogatories to the best of your ability, specifying any inability to answer the remainder of those interrogatories and stating whatever information or knowledge is available to you at present concerning the unanswered portion of those interrogatories.

### Interrogatories

1. Please identify the person answering these interrogatories on behalf of Galuten.

ANSWER:

2. Please identify all persons who contributed to Galuten's answers to these interrogatories. In addition to the information required by the definitions to these interrogatories, please provide a summary of the information supplied by each person identified and indicate to which interrogatory each person identified supplied information.

ANSWER:

3. Identify all officers, directors, shareholders, members, agents, and employees of Galuten from 2006 to the present. In addition to the information required by the instructions to these interrogatories, please indicate the dates on which each person held a position for Galuten.

ANSWER:

4. Identify all communications between Galuten and Medicus concerning the formation, signing, negotiation, cancellation or termination of the Agreement.  Please produce any documents that concern your answer.

ANSWER:

5. Identify all communications by and between Galuten and Hardin regarding the Placement and any of the following topics:
   a. The number of hours worked;
   b. The number of hours expected to be worked;
   c. The volume of work to be performed;
   d. Working overtime;
   e. The signing of timesheets or other documents reflecting the hours worked by Galuten;
   f. The types of services performed or to be performed by Galuten;
   g. Taking a leave from the Placement;
   h. A request for time off from the Placement;
   i. Cancelling the Placement;
   j. Physical pain or discomfort suffered by Galuten;
   k. Providing information necessary for Hardin to bill third parties and receive compensation for services provided by Galuten;
   l. Terminating any contract between Medicus and Hardin;
   m. Quality of services provided by Galuten; and
   n. Disagreements with Hardin regarding the Placement.

   Please produce any documents that concern your answer.

ANSWER:

6. Identify all communications by and between Galuten and Medicus concerning the Placement. Please produce any documents that concern your answer.

ANSWER:

7. Identify all persons with knowledge of the claims asserted in the Complaint.  In addition to the information required by the instructions to these interrogatories, please include a summary of the knowledge possessed by each person identified.

ANSWER:

8. Itemize all overhead expenses incurred by Galuten for any locum tenens placement or assignment fulfilled during the 2007 calendar year. Please produce any documents that concern your answer.

ANSWER:

9. Identify any overhead expenses incurred by Galuten for the portion of the Placement fulfilled. Please produce any documents that concern your answer.

ANSWER:

10. Please produce all financial documents for the years 2006-2009, including, but not limited to, the following: balance sheets, profit and loss statements, corporate tax returns, general ledgers and statement of income and losses.

ANSWER:

11. Identify all medical professionals from whom Dr. Alvin Galuten sought treatment for lower back pain or leg pain in the years 2006 to 2009. In addition to the information required by the instructions to these interrogatories, please provide a summary of the treatment sought from and provided by each medical professional identified.

ANSWER:

12. Please describe in detail any policies of Hardin effective during the Placement regarding the number of hours radiologists were permitted to work and the payment of overtime for services provided by radiologist. Please produce any documents that concern your answer.

ANSWER:

13. Identify all communications by and between Galuten and any person working for or on behalf of any hotel at which Galuten stayed during the Placement that concern the length of Galuten's stay at the hotel or compliance with hotel policies. Please produce any documents that concern your answer.

ANSWER:

14. Identify all communications by and between Galuten and any person regarding the insurance supplied by Medicus for locum tenens physicians. Please produce any documents that concern your answer.

ANSWER:

15. Identify all communications by and between Galuten and any person regarding the allegations stated in the Complaint.

ANSWER:

Signed and sworn to (or affirmed) before me on this __ day of _____, 2011 by _____, a duly authorized representative of Alvin B. Galuten, MD, PSC.


Date:_____

Print Name: _____
Title:


STATE OF NEW HAMPSHIRE
COUNTY OF _____


Subscribed and sworn to before me this _____ day of _____, 2011.


_____
Justice of the Peace/Notary Public

Respectfully submitted,

MEDICUS RADIOLOGY SERVICES, LLC

By its attorneys,

Sheehan Phinney Bass + Green, P.A.

Dated: December 10, 2010

By: _____
David W. McGrath (#9347)
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8255
dmcgrath@sheehan.com

## CERTIFICATION

I hereby certify that on this __ day of December 2010, I forwarded the foregoing via first-class mail, postage prepaid to:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

_____
David W. McGrath