UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alvin B. Galuten, MD, PSC,<br><br>Plaintiff<br><br>Medicus Radiology Staffing, LLC,<br><br>Defendant | Civil Action No. 10-cv-155-SM |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINITFF'S CLAIM FOR BREACH OF CONTRACT

### I.
### Introduction

1. Plaintiff asserts two claims: (1) breach of contract and (2) violation of New Hampshire's Consumer Protection Act, RSA 358-A [hereinafter, the "Act"]. With respect to his claim for breach of contract, he alleges that he and Defendant agreed that he could take a period of time off from his originally planned assignment and then return to the hospital to continue to provide radiology services. He alleges that, despite agreeing to a period of leave, Defendant subsequently prevented Plaintiff from returning to the hospital after his leave to complete the remainder of his assignment.

2. With respect to Plaintiff's claim for breach of contract, his Complaint fails to allege an essential element of the purported contract, the length of his temporary departure from his assignment at Hardin Memorial Hospital.

3. Even on the face of his Complaint, Plaintiff waffles as to the duration of his requested rest period, and he therefore vacillates as to the terms of the alleged agreement upon which his claim rests. He simultaneously alleges that he requested "a few days off", to Medicus

agreeing to a departure of "approximately a week", to Medicus agreeing to "one week" off. Plaintiff therefore makes three different allegations within his Complaint.

4. The length of time Plaintiff was permitted to take off, or, when viewed differently, the date on which Plaintiff would return to the hospital, is a material term of the alleged contract. Material terms of contracts must be sufficiently definite such that the parties' responsibilities to each other are reasonably certain. See Sawin v. Carr, 114 N.H. 462, 465, 323 A.2d 924 (1974) (Terms of a contract must be definite to the level of a reasonable certainty); see also Syncom Industries, Inc. v. Wood, 155 N.H. 73, 82, 920 A.2d 1178 (2007) (Terms of a contract must be definite in order to be enforceable.); Behrens v. S.P. Const. Co., Inc., 153 N.H. 498, 501, 904 A.2d 676, 680 (N.H. 2006).

5. Plaintiff fails to allege a definite return date, and therefore fails to allege agreement on an essential term of the purported contract. Without an enforceable set of reasonably definite promises, he cannot maintain a claim for breach of contract.

6. Plaintiff's failure to plead definite terms of the purported modification or contract also precludes a reliable damage award, if he proves all other elements of his claim. Howtek, Inc. v. Relisys, 958 F.Supp. 46, 48 (D.N.H. 1997) ("According to the Restatement, [t]he terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.)" (citing Restatement (Second) of Contracts § 33(2) (1981)).

7. Plaintiff's alleged damages are measured by multiplying his contractual daily rate times the number of days Medicus agreed to place him at Hardin Memorial Hospital. Of course, the number of days Medicus allegedly agreed to place him at the hospital, after his leave, is a moving target, even on the face of the Complaint. The jury simply cannot fashion a reliable

damage award without knowing the date the parties agreed to return Plaintiff to the hospital. Because no reliable damage award could be fashioned, due to the uncertainty of Plaintiff's own allegations, his claim for breach of contract should be dismissed.

    8.    A memorandum of law is submitted herewith.

    9.    Given the nature of the relief requested in this motion, Defendant did not attempt to obtain the assent of Plaintiff prior to filing this motion.

WHEREFORE, Defendant respectfully requests that this Court:

A. Dismiss Count I of Plaintiff's Complaint; and

B. Grant such additional and further relief as the Court deems necessary.

Respectfully submitted,

**MEDICUS RADIOLOGY STAFFING, LLC**

**By Their Attorneys,**

SHEEHAN PHINNEY BASS + GREEN, PROFESSIONAL ASSOCIATION

Dated: April 18, 2011    By:   /s/ David W. McGrath
    David W. McGrath (#9347)
    James P. Harris (#15336)
    1000 Elm Street, P.O. Box 3701
    Manchester, NH 03105-3701
    (603) 627-8255
    dmcgrath@sheehan.com

**Certification of Service**

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

                                          /s/ David W. McGrath
                                            David W. McGrath