UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alvin B. Galuten, MD, PSC, | Civil Action No. 10-cv-155-SM |
| Plaintiff | |
| Medicus Radiology Staffing, LLC, | |
| Defendant | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINITFF'S CLAIM FOR BREACH OF CONTRACT**

**I.**
**Introduction**

Plaintiff asserts two claims: (1) breach of contract and (2) violation of New Hampshire's Consumer Protection Act, RSA 358-A [hereinafter, the "Act"]. With respect to Plaintiff's claim for breach of contract, his Complaint fails to allege an essential element of the purported contract, the length of his departure from his assignment at Hardin Memorial Hospital. Even on the face of his Complaint, Plaintiff waffles as to the duration of his requested rest period, and therefore vacillates as to a material term of the alleged agreement. He simultaneously alleges that he requested "a few days off", to Medicus agreeing to a departure of "approximately a week", to Medicus agreeing to "one week" off. Plaintiff himself is unsure of the terms to which Medicus allegedly agreed. Without a clear allegation of a material term of the purported agreement, he cannot prevail on a claim for breach of contract and that claim should be dismissed.

## II.
## Standard

A motion for judgment on the pleadings is assessed under the same standard that governs Rule 12(b)(6) motions. See Burke v. Ceridian Corp., 2008 DNH 165, 2008 WL 4148931, *1 (D.N.H. Sept. 2, 2008). That is, while all pleaded facts are construed in a manner favorable to a plaintiff, to avoid dismissal under Rule 12(c), a complaint "must contain factual allegations that raise a right to relief above the speculative level." Gray v. Evercore Restructuring, LLC, 544 F.3d 320, 324 (1st Cir. 2008). In other words, if the complaint fails to state "a claim to relief that is plausible on its face" it must be dismissed. See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008).

## III.
## Plaintiff's Varying Allegations Regarding the Purported Contract

Plaintiff and Defendant entered into a written contract under which Dr. Galuten, an independent contractor working through a professional services corporation, agreed to perform radiology services at Hardin Memorial Hospital in Elizabethtown, Kentucky. Pl.'s Compl. at ¶¶ 5-7. The parties initially agreed that Plaintiff would perform services at the hospital every day from April 30, 2007 to August 5, 2007. Id. at ¶ 8. Plaintiff's claim for breach of contract centers on a telephone conversation Dr. Galuten allegedly had with a now former Medicus employee in which Dr. Galuten allegedly stated that he needed time off from his assignment, that he could not work every day from April 30, 2007 to August 5, 2007 as he originally promised. Id. at ¶ 10. Plaintiff contends that Medicus agreed to allow him to not complete his assignment, but that Medicus consented to a period of time off. He alleges that despite this agreement to a period of time off, Medicus refused to allow him to return to Hardin Memorial Hospital. Id. at ¶ 17.

As to the amount of time off Medicus permitted, however, Plaintiff cannot say with any reasonable certainty. Plaintiff alleges three different time periods, even within the four corners of his Complaint. First, Plaintiff alleges that he "requested that be he permitted to take <u>a few days off</u> to rest." Id. at ¶ 10 (emphasis added). In the very next sentence, he alleges that a now former Medicus employee "agreed to allow Galuten the brief period of rest." Id. Later in his Complaint, Plaintiff alleges that Medicus agreed to allow Plaintiff to take off <u>one week</u>. Id. at ¶ 17 (emphasis added). Finally, Plaintiff alleges that Medicus "[agreed] to allow Galuten to take <u>approximately a week off</u>." Id. at ¶ 22 (emphasis added). Plaintiff therefore makes three different allegations within his Complaint.[1]

## IV.
### Plaintiff's Alleged Contract Fails for Lack of Definiteness, An Essential Element

Whether Plaintiff's theory at trial will be that he and Medicus agreed to an oral modification of the original, written contract or whether he will contend that he and Medicus reached terms on a new contract, Plaintiff must prove an agreement to definite terms. In other words, he must prove that Medicus agreed to a specific number of days off and a definitive date of return to the hospital. Definiteness is an essential element of purported modifications and contracts. Plaintiff's lack of definiteness also precludes the fashioning of a reliable damage award. As Plaintiff fails to plead sufficient facts as to an essential term of the alleged modification or contract, the length of time off he was allegedly permitted to take, his claim for breach of contract should be dismissed.

---

[1] Although unnecessary for deciding this motion for judgment on the pleadings, Dr. Galuten's waffling on the length of the time off to which Medicus allegedly agreed has persisted through discovery. In his answers to interrogatories, he claims that he informed Medicus that he would return to Hardin Memorial Hospital "in one week." At various times in his deposition, he testified that he told Medicus he "needed some time off," he "wanted to take off at least a week," and he "likely [would] come back within a week." Ultimately, he conceded that he did not give Medicus a specific date for his return to the hospital.

3

For an oral contract modification to be enforceable, its terms must be definite. "Definite" in this context means reasonable certainty. Terms of a modification are "reasonably certain" if they provide a basis for determining the existence of a breach and for giving an appropriate remedy. See Sawin v. Carr, 114 N.H. 462, 465, 323 A.2d 924 (1974); see also Howtek, Inc. v. Relisys, 958 F.Supp. 46, 48 (D.N.H. 1997) (citing Restatement (Second) of Contracts § 33(2) (1981)); Syncom Industries, Inc. v. Wood, 155 N.H. 73, 82, 920 A.2d 1178 (2007); Behrens v. S.P. Const. Co., Inc., 153 N.H. 498, 501, 904 A.2d 676, 680 (N.H. 2006). Allegations of "a few days off" and "approximately one week off" are not sufficiently definite to sustain an enforceable agreement, particularly in the context of a services contract. Plaintiff has nothing to offer but his professional radiology services. Indefinite promises to leave for an undetermined time and return in the future at some unknown date cannot form the basis of a contract.

Plaintiff's Complaint indicates that he did not even make a definite offer to Medicus, in terms of the duration of his rest period, so Medicus necessarily could not have "agreed" to the purported modification or new contract. To prove that the parties entered an enforceable modification of their original, written contract, Plaintiff must prove, among other things, that there was an offer to do so. An offer is the showing of a willingness to enter into a bargain made so as to justify another entity in understanding that that its acceptance of the bargain is invited and will complete the bargain. Not just any showing of a willingness to enter into a bargain will do, however. Instead, an offer must be so definite as to its material terms or require such definite terms in the acceptance that the promises and performances to be rendered by each party are reasonably certain. See N.H. Civil Jury Instructions § 32.2 (2010); see also Chasan v. Vill. Dist. of Eastman, 128 N.H. 807, 815, 523 A.2d 16 (1986). Medicus simply could not have accepted

an offer to leave but return "in a few days" or "in approximately one week." No contract could have formed, and no contract could have been breached.

Plaintiff's failure to plead definite terms of the purported modification or contract also precludes a reliable damage award, even if he proves all other elements of his claim. Plaintiff alleges that he is entitled $3,000 per day, his contract rate, for each day he was not permitted to work at Hardin Memorial Hospital. Pl.'s Compl. at ¶ 14. Plaintiff alleges Medicus deprived him of sixty-nine (69) days of work, but the start date to calculate the number of days he was allegedly deprived of work is a moving target under the various allegations of the Complaint. If Plaintiff's last day of work at Hardin Memorial Hospital was May 20, 2007, Pl.'s Complaint at ¶ 12, and he asked for "a few days off," or "approximately one week off," how can Plaintiff, or the jury, reasonably calculate the appropriate measure of damages? Does "a few days off" mean five days, seven days, ten days? Does "approximately one week off" mean seven days, ten days, some other period? Because Plaintiff's alleged damages are based on the multiplication of his contractual daily rate times a number of days, Plaintiff has to demonstrate with at least some precision the number of days for which Medicus allegedly agreed to compensate him. Plaintiff's Complaint confirms that he does not know the terms to which Medicus allegedly agreed, and no remedy can be fashioned when plagued by that lack of definiteness.

## IV.
## Conclusion

Because Plaintiff fails to allege an essential element of a modification or contract, a definite period of time after which Plaintiff would return to the hospital, he cannot prove the existence of a contract or

WHEREFORE, Defendant respectfully requests that this Court:

A. Dismiss Count I of Plaintiff's Complaint; and

5

B. Grant such additional and further relief as the Court deems necessary.

Respectfully submitted,

**MEDICUS RADIOLOGY STAFFING, LLC**

**By Their Attorneys,**

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated: April 18, 2011            By:     /s/ David W. McGrath
                                         David W. McGrath (#9347)
                                         James P. Harris (#15336)
                                         1000 Elm Street, P.O. Box 3701
                                         Manchester, NH 03105-3701
                                         (603) 627-8255
                                         dmcgrath@sheehan.com

### Certification of Service

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

                                         /s/ David W. McGrath
                                         David W. McGrath