UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Alvin B. Galuten, MD, PSC, | ) ) ) | Civil Action No. 10-cv-155-SM |
| Plaintiff | ) ) | |
| Medicus Radiology Staffing, LLC, | ) ) | |
| Defendant | ) ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINITFF'S
CLAIM FOR VIOLATION OF RSA 358-A**

**I.
Introduction**

Plaintiff asserts two claims: (1) breach of contract and (2) violation of New Hampshire's Consumer Protection Act, RSA 358-A [hereinafter, the "Act"]. Plaintiff's claim for violation of the Act constitutes merely a repackaging of his claim for breach of contract. Under well-settled law, claims for breach of contract cannot support an independent remedy under RSA 358-A. Even to the extent Plaintiff alleges that Defendant created a sham justification for breaching the parties' contract, courts have recognized that allegations of sham justifications of a contract do not sustain a claim under consumer protection statutes. For these reasons, Count II of Plaintiff's Complaint should be dismissed.

**II.
Standard**

A motion for judgment on the pleadings is assessed under the same standard that governs Rule 12(b)(6) motions. See Burke v. Ceridian Corp., 2008 DNH 165, 2008 WL 4148931, *1 (D.N.H. Sept. 2, 2008). That is, while all pleaded facts are construed in a manner favorable to a

1

plaintiff, to avoid dismissal under Rule 12(c), a complaint "must contain factual allegations that raise a right to relief above the speculative level." Gray v. Evercore Restructuring, LLC, 544 F.3d 320, 324 (1st Cir. 2008). In other words, if the complaint fails to state "a claim to relief that is plausible on its face" it must be dismissed. See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008).

### III.
### Plaintiff's Complaint

In Count II of his Complaint, Plaintiff alleges the following conduct violates RSA 358-A:

> As set forth in paragraphs 1-18 above, Galuten and Medicus entered into a contract pursuant to which Medicus was to compensate Galuten at a set rate for the assignment to Hardin Memorial Hospital to perform diagnostic radiological services. After agreeing to allow Galuten to take approximately a week off to rest his low back and leg, Medicus willfully and knowingly falsely accused Galuten of resigning from the assignment in order to avoid payment under the agreement. Moreover, Medicus willfully and knowingly refused to permit Galuten to return to the assignment, a right Galuten clearly possessed under the terms of the contract Medicus signed with Galuten.

Pl.'s Compl. at ¶ 22. Plaintiff seeks his actual damages (which he measures as the amount he allegedly lost on the contract with Defendant), costs, attorneys' fees, and double or treble damages. Id. at ¶ 23.

### IV.
### Judgment on the Pleadings Is Warranted

To carry his burden, Plaintiff must prove by a preponderance of the evidence, that Defendant engaged in one of the prohibited acts enumerated in RSA 358-A:2, I – XIV, or that Defendant engaged in conduct that attained a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce. State v. Sideris, 157 N.H. 258, 262-63, 951 A.2d 164,167-69 (2008). Plaintiff's Complaint does not allege that Defendant

violated any of the prohibited acts enumerated under the Act. He therefore must show that Defendant's conduct was rascalous. Id.

Fairly construed, Plaintiff's claim is merely a repackaging of his claim for breach of contract, and RSA 358-A does not supply a remedy for breach of a contract. According to the New Hampshire Supreme Court, an ordinary breach of contract is not a violation of RSA 358-A. State v. Moran, 151 N.H. 450, 861 A.2d 763 (2004); Barrows v. Boles, 141 N.H. 382, 687 A.2d 979 (1996). The basis for Plaintiff's claim under the Act is that Medicus wrongfully breached their contract. Indeed, his Complaint speaks in terms of rights he allegedly garnered by virtue of the parties' contract. See Pl.'s Compl. at ¶ 22. Plaintiff asserts no independent facts, facts divorced from the alleged contract, upon which an independent recovery under the Act could be had.

Even his contention that Defendant falsely manufactured a reason to breach the contract fails to rise to the level of a violation of a consumer protection statute. In Harbour Capital Corp. v. Allied Capital Corp., 2011 DNH 019, this Court dismissed a claim under RSA 358-A where the defendant allegedly instructed a subsidiary to cease doing business with the plaintiff out of an ill motive to retaliate against the plaintiff. This Court noted that although RSA 358-A is worded broadly, not all conduct in the course of trade or commerce falls within its protection. Id. (citing Barrows, 687 A.2d at 986). This Court wrote, "The termination of an at-will agreement, even with the motive alleged, does not, without more, amount to an unfair trade practice under RSA 358-A:2." Id. Ultimately, the Court dismissed the claims because Harbor, like this Plaintiff, failed to allege anything more than "selfish bargaining and business dealings" that would not "raise an eyebrow of someone inured to the rough and tumble world of commerce." Id. The same logic can be applied to dismiss Plaintiff's claim under the Act in this case.

As in New Hampshire, courts in Massachusetts have held that even a breach of contract accompanied by a "sham justification" does not violate M.G.L. c. 93A. The Massachusetts Court of Appeals held that unless a party's breach of a contract "has an extortionate quality that gives it the rancid flavor of unfairness," a failure to perform on a contact "even though deliberate and for reasons of self-interest, does not present an occasion for invocation of [consumer protection] remedies." Atkinson v. Rosenthal, 598 N.E.2d 666, 670 (Mass. App. Ct. 1992). Massachusetts trials courts have subsequently held similarly. See Armstrong v. Epstein, 2009 WL 3086010 (Mass. Super. Ct. Aug. 25, 2009); Clay Chevrolet, Inc. v. Hatziiliades, 2007 WL 2705939, *2 (Mass. Super. Ct. Aug. 24, 2007).[1] Plaintiff does not allege facts sufficient to support a finding that Medicus' alleged breach was of an extortionate quality.

Federal courts have recently applied the holdings of Ashcroft v. Iqbal, 129 S.Ct 1937 (2008) and Bell Atlantic v. Twombly, 550 U.S. 544 (2007) to dismiss claims asserted under consumer protection statutes. In Morris v. BAC Home Loans Servicing, L.P., ___ F.Supp.2d ___, 2011 WL 1226974, *7 (D. Mass. Apr. 4, 2011), the court dismissed a claim under M.G.L. c. 93A because it "failed to demonstrate unfairness to the degree of factual detail required by Iqbal and Twombly. In other words, a complaint cannot merely '[tender] naked assertions devoid of further factual enhancement.'" In this case, Plaintiff asserts nothing more than conclusory allegations about false motives, so his claim should be dismissed.

---

[1] New Hampshire courts construing RSA 358-A often look to Massachusetts's interpretation of M.G.L. c. 93A for guidance. See N.H. Automobile Dealers Assn., Inc. v. General Motors Corp., 620 F.Supp. 1150, 1159 (D.N.H. 1985) ("[I]n construing RSA 358-A, the New Hampshire Supreme Court has not hesitated to follow the lead of Massachusetts courts in their construction of M.G.L. c. 93A.").

## IV.
## Conclusion

Plaintiff has an adequate remedy, his claim for breach of contract. He does not, however, adequately support an independent claim for violation of the Act, and judgment on the pleadings is therefore warranted. For the reasons stated above, Plaintiff's claim for violation of RSA 358-A should be stricken.

WHEREFORE, Defendant respectfully requests that this Court:

A. Dismiss Count II of Plaintiff's Complaint; and

B. Grant such additional and further relief as the Court deems necessary.

Respectfully submitted,

**MEDICUS RADIOLOGY STAFFING, LLC**

**By Their Attorneys,**

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated: April 18, 2011         By:  /s/ David W. McGrath
                                   David W. McGrath (#9347)
                                   James P. Harris (#15336)
                                   1000 Elm Street, P.O. Box 3701
                                   Manchester, NH 03105-3701
                                   (603) 627-8255
                                   dmcgrath@sheehan.com

**Certification of Service**

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

                                               /s/ David W. McGrath
                                               David W. McGrath