UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Alvin B. Galuten, MD, PSC, | ) | Civil Action No. 10-cv-155-SM |
| Plaintiff | ) | |
| Medicus Radiology Staffing, LLC, | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND AS TO HIS CLAIM FOR VIOLATION OF RSA 358-A**

**I.**
**Introduction**

1. Plaintiff asserts two claims: (1) breach of contract and (2) violation of New Hampshire's Consumer Protection Act, RSA 358-A [hereinafter, the "Act"]. Plaintiff seeks a jury trial as to both claims. See Pl.'s Compl. at ¶ 27. Defendant does not challenge Plaintiff's right to a jury trial as to his claim for breach of contract.

2. As to Plaintiff's claim under 358-A claim, however, the New Hampshire Supreme Court has held that the Act is equitable in nature and a party is "not entitled to a trial by jury." Hair Excitement, Inc. v. L'Oreal U.S.A., Inc., 158 N.H. 363, 370, 965 A.2d 1032, 1038 (2009). Applying the express holding of Hair Excitement, Plaintiff's jury demand should be stricken as to his claim for violation of the Act.

3. According to the New Hampshire Supreme Court in Hair Excitement, Plaintiff is not entitled to a trial by jury under the New Hampshire Constitution, because a jury trial for violation of the Act did not exist as of 1784. Id. at 368, 965 A.2d at 1036-37 (quoting State v. Morrill, 123 N.H. 707, 712, 465 A.2d 882 (1983)).

1

4. The New Hampshire Supreme Court noted that the purpose of RSA 358-A is to "ensure an equitable relationship between consumers and persons engaged in business," a right which "did not exist in New Hampshire common law in 1784." Id. (quoting Hughes v. Disalvo, 143 N.H. 576, 578, 729 A.2d 422 (1999). Claims under RSA 358-A are also equitable in nature and therefore should be decided by a judge, not a jury.

5. The plain language of RSA 358-A also indicates that claims brought under the Act are to be tried by a court, not a jury. See RSA 358-A:10 ("Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater.") (emphasis added).

6. The New Hampshire Legislature certainly could have created a right to a jury trial when adopting RSA 358-A. The fact that the Legislature did not do so indicates its intention that such claims should be tried to the Court.

7. A memorandum of law is submitted herewith.

Respectfully submitted,

**MEDICUS RADIOLOGY STAFFING, LLC**

**By Their Attorneys,**

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated: April 18, 2011      By:    /s/ David W. McGrath
                                                David W. McGrath (#9347)
                                                James P. Harris (#15336)
                                                1000 Elm Street, P.O. Box 3701
                                                Manchester, NH 03105-3701
                                                (603) 627-8255
                                                dmcgrath@sheehan.com

### Certification of Service

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

                                                          /s/ David W. McGrath
                                                            David W. McGrath