UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alvin B. Galuten, MD, PSC,

    Plaintiff

Medicus Radiology Staffing, LLC,

    Defendant

Civil Action No. 10-cv-155-SM

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S JURY DEMAND AS TO HIS CLAIM FOR VIOLATION OF RSA 358-A

**I.**
**Introduction**

Plaintiff asserts two claims: (1) breach of contract and (2) violation of New Hampshire's Consumer Protection Act, RSA 358-A [hereinafter, the "Act"]. Plaintiff seeks a jury trial as to both claims. See Pl.'s Compl. at ¶ 27. Defendant does not challenge Plaintiff's right to a jury trial as to his claim for breach of contract. As to the 358-A claim, however, the New Hampshire Supreme Court has held that the Act is equitable in nature and a party is "not entitled to a trial by jury." Hair Excitement, Inc. v. L'Oreal U.S.A., Inc., 158 N.H. 363, 370, 965 A.2d 1032, 1038 (2009). Applying the express holding of Hair Excitement, Plaintiff's jury demand should be stricken as to his claim for violation of the Act.

**II.**
**Claims Under RSA 358-A Are To Be Decided By The Court, Not a Jury**

As the New Hampshire Supreme Court has made clear, Plaintiff is not entitled to a jury trial on his claim under the Act. In Hair Excitement, the New Hampshire Supreme Court followed a two-step analysis to determine if the plaintiff was entitled to a trial by jury on its 358-

A claim. First, the Court examined whether a right to trial arose under the New Hampshire Constitution, noting that "[t]he right to a jury trial under the New Hampshire Constitution 'is not without limitation; it extends only to those cases for which the jury trial right existed when the constitution was adopted in 1784.'" Id. at 368, 965 A.2d at 1036-37 (quoting State v. Morrill, 123 N.H. 707, 712, 465 A.2d 882 (1983)). "To resolve whether a party has a right to trial by jury in a particular action, [courts] generally look to both the nature of the case and the relief sought, and ascertain whether the customary practice included a trial by jury before 1784." Hair Excitement, 158 N.H. at 368, 965 A.2d at 1037. The New Hampshire Supreme Court noted that the purpose of RSA 358-A is to "ensure an equitable relationship between consumers and persons engaged in business," a right which "did not exist in New Hampshire common law in 1784." Id. (quoting Hughes v. Disalvo, 143 N.H. 576, 578, 729 A.2d 422 (1999). On this analysis, the Court concluded that the New Hampshire Constitution "does not confer the right to a jury trial for a claim under RSA chapter 358-A." Id.

Second, the Hair Excitement Court examined the language of RSA 358-A itself to determine if the legislature intended to create a right to a jury trial. The Court examined the plain and ordinary meaning of the words used in the statute, which provides, in relevant part:

> Any person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper. If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable. Injunctive

2

> relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court.

RSA 358-A:10 (emphasis added). The New Hampshire Supreme Court reasoned that the plain and ordinary meaning of the word "court," as repeated in the statute, revealed an intention by the Legislature that claims under the Act be decided by a judge, not a jury. Hair Excitement, 158 N.H. at 369, 965 A.2d at 1038. The Court noted that "[h]ad the legislature intended to provide for a jury trial, it could have expressly done so." Id. The New Hampshire Supreme Court concluded that "the court is vested with the authority to decide claims brought under RSA chapter 358-A" and that "RSA chapter 358-A claims are not entitled to a trial by jury." Id. at 369-70, 965 A.2d at 1038.

The New Hampshire Supreme Court's decision in Hair Excitement is consistent with decisions from Massachusetts courts under M.G.L. c. 93A, the Massachusetts Consumer Protection Act. See Nei v. Burley, 446 N.E.2d 674 (Mass. 1983). New Hampshire courts often look to Massachusetts courts' interpretation and application of the Massachusetts Consumer Protection Act for guidance in applying RSA 358-A. See N.H. Automobile Dealers Assn., Inc. v. General Motors Corp., 620 F.Supp. 1150, 1159 (D.N.H. 1985) ("[I]n construing RSA 358-A, the New Hampshire Supreme Court has not hesitated to follow the lead of Massachusetts courts in their construction of M.G.L. c. 93A.").

Hair Excitement is also consistent with federal law regarding the right to a trial by jury. Federal courts also examine whether a statutory claim is equitable or legal in nature. See, e.g., Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 347-48 (1998). The United States District Court for the District of Massachusetts recently held that a claim under M.G.L. c. 93A is not a jury claim. See Bryksa v. B7B Protector Plans, Inc., 2010 WL 4939954 (D. Mass. Dec. 1, 2010). Relying upon the First Circuit Court of Appeals decision in Wallace Motor Sales, Inc. v.

3

American Motor Sales Corp., 780 F.2d 1049 (1st Cir. 1985), where the First Circuit held that the plaintiff did not have a right to a jury trial on its 93A claim, the Bryksa court granted a motion to strike. Bryksa, 2010 WL 4939954, *2; see also Refuse & Environmental Sys., Inc. v. Industrial Serv. of America, Inc., 932 F.2d 37, 42 n. 2 (1st Cir. 1991) ("The district court properly decided the chapter 93A claim itself. There is no right to a trial under the statute.") (citation omitted); Atlantic Research Marketing Sys., Inc. v. Troy, 2010 WL 1904849, *1 (D. Mass. May 11, 2010) (court decided the chapter 93A claim after a two week jury trial on the plaintiff's claim for misappropriation of trade secrets and breach of fiduciary duties); Fishman Transducers, Inc. v. Paul, 2010 WL 4450787, *1 (D.Mass. Mar. 30, 2010) (granting the defendant's motion to strike the plaintiff's jury demand on its chapter 93A claim because "[t]he Seventh Amendment does not require a jury trial for a claim founded on [chapter 93A]"). In Bedford Computer Corp. v. Ginn Publishing, Inc., 63 B.R. 79 (D.N.H. 1986), Judge Devine held that Ginn was not entitled to a jury trial for its chapter 93A claim because "The Massachusetts courts (followed by the federal courts) have clearly held that no jury trial is available as of right for actions cognizable pursuant to Mass. Gen. Laws c. 93A." Id. at 82.

## III.
## Conclusion

Under the express holding of the New Hampshire Supreme Court and the reasoning of cases construing similar statutes, Plaintiff's demand for a jury trial on his claim for violation of the Act should be stricken.

4

Respectfully submitted,

**MEDICUS RADIOLOGY STAFFING, LLC**

**By Their Attorneys,**

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated: April 18, 2011        By:   /s/ David W. McGrath
                                    David W. McGrath (#9347)
                                    James P. Harris (#15336)
                                    1000 Elm Street, P.O. Box 3701
                                    Manchester, NH 03105-3701
                                    (603) 627-8255
                                    dmcgrath@sheehan.com

### Certification of Service

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com

                              /s/ David W. McGrath
                              David W. McGrath