UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alvin B. Galuten, MD, PSC, | ) <br> ) |
| Plaintiff | ) <br> ) Civil Action No. 10-cv-155-SM |
| v. | ) <br> ) |
| Medicus Radiology Staffing, LLC, | ) <br> ) |
| Defendant | ) <br> ) |

## DEFENDANT MEDICUS RADIOLOGY STAFFING, LLC'S MOTION IN LIMINE REGARDING THE ADMISSIBILITY OF PLAINTIFF'S CONDUCT AT HIS HOTEL DURING THE RELEVANT TIME PERIOD

Defendant, Medicus Radiology Staffing, LLC, by and through its attorneys, Sheehan Phinney Bass + Green, P.A., hereby submits this motion in limine seeking a determination of the admissibility of evidence regarding Plaintiff's conduct at a hotel during the relevant time period, and states in support as follows:

1. Plaintiff was a locum tenens physician placed by Defendant at Hardin Memorial Hospital in Kentucky. The parties memorialized their agreement in a written contract that included, among other things, an express agreement that Plaintiff would work at Hardin Memorial Hospital every day from April 30 to August 5, 2007.

2. Plaintiff alleges that three weeks into his assignment, the parties verbally agreed to waive a contractual "no oral modification clause" and modify their contract to allow him to take "about a week" off and then return to Hardin Memorial Hospital. Medicus denies these allegations and states that Plaintiff would not commit to a firm return date. Medicus was bound to Hardin Memorial Hospital to supply radiologists to staff the department and it could not

abide an uncertain return date; Medicus had to treat Plaintiff as having abandoned his assignment and had to replace him for the duration of the planned assignment.

3. Discovery has uncovered evidence, including from Plaintiff's own deposition testimony, that during the first week of his assignment, he engaged in a confrontation with a hotel clerk that ultimately caused him to be dismissed from the hotel. During the confrontation, Plaintiff made derogatory comments about the hotel clerk's sexuality and called the police both to report the incident and to request a ride to the hospital. Plaintiff concedes that his behavior was disturbing.

4. Plaintiff has objected during discovery that evidence concerning the hotel incident is irrelevant and based on hearsay. Medicus expects that Plaintiff will advance these objections at trial, and Medicus therefore seeks a ruling in limine concerning the admissibility of the evidence concerning Plaintiff's conduct at the hotel.

5. The evidence presented at trial will show that Medicus and Hardin Memorial Hospital were aware of Plaintiff's conduct at the hotel. The evidence will also show that Medicus took the hotel incident into consideration when evaluating Plaintiff's request for a modification to the contract. Plaintiff alleges an agreement was reached as to the modified terms. The hotel incident makes it less probable that Medicus would have agreed to modified terms and allowed Plaintiff to return to Hardin Memorial Hospital. For this reason, evidence concerning the hotel incident is relevant.

6. Evidence concerning Plaintiff's conduct at the hotel is not barred by the hearsay rule. First, Plaintiff himself will testify concerning the events at the hotel, so it would be improper to bar all evidence concerning the topic. Second, even the statements from the hotel clerks concerning the incident are not barred by the hearsay rule because they are not offered for

the truth of the matter asserted. The probative value of the hotel staff's statements is that Medicus was aware of them and that they impacted Medicus' subsequent course of conduct. Therefore, the evidence concerning the hotel incident goes to Medicus' knowledge, state of mind, and explains Medicus' actions in response to that knowledge. All of this makes less likely Plaintiff's claim that Medicus agreed to his request for a temporary leave. Finally, Plaintiff contends that Medicus willfully or knowingly violated RSA 358-A, New Hampshire's Consumer Protection Act. Evidence concerning Medicus' knowledge of the hotel incident relates directly to Medicus' state of mind and whether it willfully or knowingly committed an unfair or deceptive trade practice.

7. A memorandum of law is submitted for the Court's consideration.

8. Given the nature of the relief requested, and Plaintiff's steadfast objections to this line of evidence during discovery, Defendant did not seek Plaintiff's assent before filing this motion.

WHEREFORE, the Defendant Medicus Radiology Staffing, LLC requests that the Court:

A. Issue an order that evidence concerning Plaintiff's conduct at the Holiday Inn during his assignment at Hardin Memorial Hospital is admissible; and

B. Grant such other and further relief as justice may require.

Respectfully submitted,

Medicus Radiology Staffing, LLC

By its attorneys,
Sheehan Phinney Bass + Green, P.A.

Dated: April 18, 2011        By:   /s/ David W. McGrath
                                   David W. McGrath (#9347)
                                   James P. Harris (#15336)
                                   1000 Elm Street, P.O. Box 3701
                                   Manchester, NH 03105-3701
                                   (603) 627-8255
                                   dmcgrath@sheehan.com

## Certification of Service

I hereby certify that on this 18th day of April, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Hampshire, using the CM/ECF system, which will send notification to the following counsel of record:

Mark E. Howard
Howard & Ruoff, PLLC
1850 Elm Street
Manchester, NH 03104
(603) 625-1254
mhoward@howardruoff.com


                                   /s/ David W. McGrath
                                   David W. McGrath